PER CURIAM.
This Court recently appointed a select committee to consider problems relating to conduct of judges concerning conflicts of interest, political activity, financial disclosures and both compensated and non-compensated extra-judicial activities of judges.
The committee consisted of Hon. John T. Wigginton, District Judge, Chairman; Mr. Justice B. K. Roberts of the Supreme Court; District Judges Hon. Richard H. M. Swann, Hon. John A. Reed, Jr., and Hon. Robert T. Mann; Circuit Judges Hon. Woodrow Melvin, Hon. Jas. D. Bruton, Jr., Hon. Gunter Stephenson and Hon. James Lawrence King.
During numerous meetings this committee has reviewed our own Code of Ethics Governing Judges, as well as the rules and standards of the Judicial Conference of the United States, our sister states and other relevant source material bearing on the subject. The report of the committee has been received. Most of it has been included verbatim in this order. Some of the language has been changed in order to adapt our own thinking to the specific recommendations of the committee.
Revelations emanating from recent Congressional hearings on the qualifications of appointees to judicial office have tended to impair public confidence in the integrity of our judicial system and have created widespread interest in the ethical conduct of judges among members of the bench, bar, press, and public generally. It is axiomatic that the stability of our judicial system as an indispensable protector of human rights, in our democratic society is wholly dependent upon the trust reposed by our citizenry in the competence, honesty, and impartiality of its judicial officers. In order to justify and retain that trust and confidence, judges must be ever alert not only to avoid acts of impropriety but also the appearance of impropriety; they must be prepared to accept restraints on both their public and private conduct to which *712 other public officials and citizens are not expected to submit; unless a judge is willing to abide by those necessary ethical restrictions on his conduct commensurate with the awesome responsibilities of his position, he should neither seek nor retain the office which he occupies.
We concur in the consensus of the committee that every judge should be aided in his conscientious endeavor to comply with the ethical requirements of his office by the assistance of clearly articulated standards delimiting the boundaries of proper judicial conduct in those sensitive areas above enumerated in which his actions might be subject to question or suspicion. In order to provide tools which might prove helpful in accomplishing the foregoing purpose, the Standards hereinafter set forth are adopted by this Court.
We take cognizance of the select committee appointed by the American Bar Association and charged with the duty of studying the canons of judicial ethics which were originally approved by the American Bar Association in 1924 and which have undergone little change or modification since that date. Our committee is directed to submit a report containing its recommendations for the adoption of new canons of judicial ethics in accordance with a more modern and realistic' concept of the responsibilities of judicial officers. The committee shall study the recommendations of the American Bar Association committee on judicial ethics after it has completed its work and then make recommendations to this Court with respect to the adoption of such canons either in their original form or in such modified form as tht committee may deem appropriate.
The Court adopts the following as a new íule 37 of Ethics Governing Judges which shall be designated as Standards of Judicial Conduct and shall read as follows:
37. Standards of Judicial Conduct.
A.DEFINITIONS.
1. Whenever the word “judge” is used in the Standards, it shall include all judicial officers who are required by the Constitution or laws of Florida to devote full time to the performance of their duties.
2. Whenever the pronoun “he” is used in the Standards, it includes the feminine as well as the masculine form.
B. PREAMBLE. The assumption of the office of judge imposes upon the incumbent duties in respect to his personal conduct which concern his relation to the state and its inhabitants, the litigants before him, the principles of law, the practitioners of law in his court, and the witnesses, jurors and attendants who aid him in the administration of its functions. In every particular his conduct should be above reproach. He should be conscientious, studious, thorough, courteous, patient, punctual, just, impartial, fearless of public clamor, insensitive to public praise, and immune from private, political or partisan pressures. He should administer justice according to law, and deal with his appointments as a public trust. He should not allow other affairs or his private interests to interfere with the prompt and proper performance of his judicial duties, nor should he administer the office for the purpose of advancing his personal ambitions or increasing his popularity.
C. STANDARDS.
1. A judge who violates the Standards of Judicial Conduct or any rule of Ethics Governing Judges shall be subject to appropriate disciplinary action.
2. Rule 28 Partisan Politics, is amended to read:
While entitled to entertain his personal views of political questions, and while not required to surrender his rights or opinions as a citizen, it is inevitable that suspicion of being warped by political bias will attach to a judge who becomes the active promoter of the interests of one political party as against another. He should avoid making political speeches, making or soliciting payment of assessments or con *713 tributions to party funds except as required by law, public endorsement of candidates for political office, and participation in party conventions. He should neither accept nor retain a place on any party committee, act as party leader, nor engage generally in partisan activities. Where, however, it is necessary for a judge to be nominated and elected as a candidate of a political party or elected in a nonpartisan election, nothing herein contained shall prevent him from speaking or otherwise campaigning in behalf of his candidacy. When a candidate he may attend political gatherings.
The provisions hereof shall apply to each member of The Florida Bar who is a candidate for nomination, election or re-election to judicial office.
3. A candidate for judicial position should not make nor encourage, nor willfully permit others to make for him, promises of conduct in office which appeal to the cupidity or prejudices of the appointing or electing power, and if they do so he should promptly repudiate and disavow such misconduct; he should not announce in advance his conclusions of law on disputed issues to secure class support, and he should do nothing while a candidate to create the impression that, if chosen, he will administer his office with bias, partiality or improper discrimination.
The provisions hereof shall apply to each member of The Florida Bar who is a candidate for nomination, election or re-election to a judicial office.
Rule 25, Business Promotions and Solicitations for Charities, is amended to read:
1.A judge may participate in civic, church, charitable, fraternal, scientific, or educational foundations, associations, or corporations, as an officer, director, trustee, board or commission member so long as it does not interfere with the performance of his judicial duties but he shall not use the prestige of his office directly or indirectly for the purpose of raising funds or soliciting favors for any group.
2. A judge may ethically participate in writing, lecturing, and similar activities related to the legal profession which do not interfere with, and may improve, the performance of his judicial duties, and may accept expenses and reasonable honorarium therefor. A judge should not use, or allow others to use, the prestige of his office for the arrangement of such engagements, and the expenses and honorarium allowed should in no case exceed that which would be offered to him were he not a judge.
3. A judge should avoid giving ground for any reasonable suspicion that he is utilizing the power or prestige of his office to promote the business interests of others. Subject to the foregoing restriction, a judge may be an officer, director, or partner in a closed corporation or family type business owned by the family of which the judge is a member. A judge who serves as a director, adviser, or officer of a bank, savings and loan association, public utility, insurance company, or any other company, corporation, business enterprise, or venture which publishes statements or reports made available to stockholders, policyholders, or the general public may not be described in such statements or reports by reference to his position as a judicial officer. Any judge holding such a position shall be responsible for compliance with this requirement.
4. A judge shall file with the Judicial Qualifications Commission of this State on or before ten days after filing his federal income tax return for the year 1971 and during the same time in each year thereafter, a financial report consisting of the following documents:
(a) A true copy of the most recent Federal income tax return filed by him.
(b) A verified statement on forms to be approved by the Commission of the assets and liabilities owned, held, or incurred by him at any time during *714 the preceding year as well as a statement of the source and amounts of all income, including gifts and bequests, received by him during the preceding year.
(c) A verified list of the names of the corporations and other businesses in which he has a financial interest.
The copy of income tax return and verified financial statement called for in sub-paragraphs (a) and (b) above shall be transmitted in a sealed envelope, placed by the Commission in safekeeping, and shall be opened only pursuant to a majority vote of the Commission duly assembled.
The list of corporations and businesses in which the judge has a financial interest called for in subparagraph (c) above shall be transmitted in a separate sealed envelope, placed by the Commission in safekeeping, and shall not be opened or the contents thereof disclosed except in the manner hereinabove provided for the opening and examination of the documents called for in subparagraphs (a) and (b) above, or as hereinafter provided.
At any time during or after the pendency of a cause, any party may request information as to whether the most recent list filed by the judge or judges before whom the cause is or was pending contains the name of any specific person or corporation or other business which is a party to the cause or which has a substantial, direct, or indirect financial interest in its outcome. Neither the making of the request nor the contents thereof shall be revealed by the Chairman to any judge or other person except at the instance of the individual making the request. If the request meets the requirements hereinabove set forth, the Chairman shall render a’ prompt answer thereto and thereupon return the report to safekeeping for retention in accordance with the provisions hereinabove stated. All such requests shall be verified and transmitted to the Chairman of the Commission on forms to be approved by it.
It is so ordered.
ERVIN, C. J., and ROBERTS, CARLTON, ADKINS and BOYD, JJ., concur.
DREW, J., heard the argument but does not participate in the decision.